

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Fred Erisman
Criminal District Attorney
Longview, Texas

Dear Sir:

Opinion No. O-1886

1786

Re: Where a witness has been subpoenaed
in a criminal case, which case is
later tranferred on an application
for change of venue, and thereafter,
the witness makes a bona fide change
of residence, he is entitled to com-
pensation under Article 1086, C.C.P.,
upon his attendance on the court.

Your request of November 29, 1939, addressed to
Gerald C. Mann, Attorney General of Texas, has been referr-
ed to the writer for consideration and reply.

A portion of your letter is as follows:

"A murder case was pending in Gregg County;
the witness at the time the indictment was re-
turned, resided in Gregg County. The witness
was duly subpoenaed upon sworn application, as
provided for by statute. The trial resulted in
a hung jury, the case was then removed to Harri-
son County on a change of venue. The witness
moved to Yoakum County, out in West Texas, some
six hundred miles distant from Harrison County.
Upon receipt of notice from the District Attor-
ney's office, the witness appeared for the trial
in Harrison County, traveling some six hundred
miles. The District Clerk refused to issue
script to the witness without an opinion from
your department."

Your attention is directed to Article 575, C.C.P.,
as follows:

"When the venue in a criminal action has
been changed, it shall not be necessary to have

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the witnesses therein again subpoenaed, attached or recognized, but all the witnesses who have been subpoenaed, attached or recognized to appear and testify in the cause, shall be held bound to appear before the court to which the cause has been transferred, as if there had been no such transfer."

Article 465, C.C.P., provides:

"....When a witness has been served with a subpoena, attached or placed under recognizance at the instance of either party in a particular case, such execution of process shall inure to the benefit of the opposite party in such case in the event such opposite party desires to use such witness on the trial of the case, provided that when a witness has once been served with a subpoena, no further subpoena shall be issued for said witness."

Then, your attention is directed to that portion of Article 1036, C.C.P., which provides for the compensation of out-of-county witnesses appearing at the trial of a criminal cause, as follows:

"....Witnesses shall receive from the State, for attendance upon District Courts and grand juries in counties other than that of their residence, in obedience to subpoenaes issued under the provisions of law, their actual traveling expenses, not exceeding four cents per mile, going to and returning from the court or grand jury, by the nearest practical conveyance, and two dollars per day for each day they may necessarily be absent from home as a witness, to be paid as now provided by law;...."

There is no specific provision, providing for the compensation of a witness after he has been duly summoned, and his residence changed. However, it is apparent that after a witness has been duly summoned, there is no further obligation on the part of the officers to issue process for the attendance of this witness; but this witness is required

to appear before the court at another and different
setting without further notice. So, it is apparent that
where venue is changed to another and different county
of the original summons, and the witness has in good
faith changed his residence to another and different
county from the original summons, it being necessary that
the witness appear without further notice, and that he
necessarily travel the distance from his new residence to
the court, he is entitled to his mileage and per diem for
attendance on the court.

Believing this to answer your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Pat Coon_
Pat Coon
Assistant

PC:AW

DEC 20, 1934

ATTORNEY GENERAL OF TEXAS

